SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
KATHERINE VILCHEZ (SBN: 212179)
kvilchez@grsm.com
TRINA CLAYTON (SBN: 204215)
tclayton@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3193
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIR HESHMATPOUR, <br><br> Plaintiff, <br><br> vs. <br><br> FCA US, LLC; SHAVER AUTOMOTIVE GROUP; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL** <br><br> State Court Complaint Filed: July 28, 2020 <br><br> Removal Date: March 31, 2021 |

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 56-2020-00547467-CU-BC-VTA of the Superior Court of California, County of Ventura.  In support of this removal, FCA states as follows:

## I.      THE REMOVED CASE

1.      The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles by Plaintiff AMIR HESHMATPOUR ("Plaintiff") against FCA, entitled *Amir Heshmatpour v. FCA US, LLC, et al.*, Case No. 20STCV28440 (the "State Action"). The two originally named Defendants were FCA and Shaver Automotive Group ("Shaver") (collectively, "Defendants"). (*See* **Exh. A** to the Declaration of Trina M. Clayton ["Clayton Decl."], filed concurrently herewith.) FCA is the only remaining named Defendant in the case as Plaintiff dismissed Shaver on March 1, 2021, the day before the hearing on Shaver's *ex parte* to stay the case pending the hearing on its Motion to Compel Arbitration. (*See* **Exhs. C, V, and U** to Clayton Decl.)

2.      On July 28, 2020, Plaintiff filed his State Action ("Complaint") asserting, against FCA, five causes of action alleging breaches of implied and express warranties under California's Song-Beverly Consumer Warranty Act, and a single cause of action for Fraudulent Inducement – Concealment.  Plaintiff alleged the same cause of action for breach of Implied Warranty of Merchantability against FCA and Shaver jointly.  (*See* **Exh. A** to Clayton Decl.)

3.      FCA and Shaver were both served with the Complaint on September 24, 2020. (*See* **Exhs. I and J** to the Clayton Decl., Clayton Decl., ¶ 5.)

4.      On October 21, 2020, the Parties met and conferred with regard to

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

transferring the case to Ventura County; Plaintiff agreed to the venue transfer. (Clayton Decl., ¶ 9.)

5.    The Parties entered into a Stipulation and Order to Transfer Venue which was executed by the Los Angeles County Superior Court on October 27, 2020.  (*See* **Exh. B** to the Clayton Decl.)

6.    On December 4, 2020, Defendants received notice from the Ventura County Superior Court confirming the completed transfer and informing of the new Ventura County Case No.:  56-2020-00547467-CU-BC-VTA. (Clayton Decl., ¶ 10.)

7.    On February 17, 2021, Shaver filed and served its Notice of Motion and Motion to Compel Arbitration.  (*See* **Exhs. S-U** to the Clayton Decl.)

8.    On March 1, 2021, Shaver filed and served its *Ex Parte* Application for an Order Staying The Action Pursuant to C.C.P Section 1284.1, pending the Hearing on Shaver's Motion to Compel Arbitration.  The Hearing on Shaver's *Ex Parte* Application was set for March 2, 2021. (*See* **Exhs. V-W** to the Clayton Decl.)

9.    On March 1, 2021, the evening before the *ex parte* hearing, Shaver was dismissed from this action.  (*See* **Exh. C** to the Clayton Decl.)

## II.    PROCEDURAL REQUIREMENTS

10.    Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case.  28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable to remove a case.  28 U.S.C. § 1446(3).

11.    FCA received notice of this matter after it was served with a copy of the Complaint on September 24, 2020.  As of the date of service on FCA, this matter was not removable as the Complaint did not contain facts that gave rise to a

-2-

"federal question" and, with the inclusion of Defendant Shaver, a California entity (*See* **Exh. A** to the Clayton Decl., ¶¶ 2 and 5), complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

12.     "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978).  This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." See *Id.* at 657.  A dismissal entered at the request of a party is a voluntary act.  *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.,* (1986) 176 Cal. App. 3d 1191, 1194).

13.     Plaintiff filed a Request for Dismissal as to Shaver on March 1, 2021. (*See* **Exh. C** to the Clayton Decl.) In light of Plaintiff's voluntary dismissal of Shaver, FCA recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

14.     Based upon the Retail Installment Sales Contract, counsel for FCA was able to ascertain the amount in controversy. (*See* **Exh. D** to the Clayton Decl.)

15.     Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since March 1, 2021 has not elapsed.

16.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-C and E-AA** to the Clayton Declaration, filed herewith.

17.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

18.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Ventura promptly after filing of same in this Court.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

19. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

20. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## III.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

22. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

23. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).) "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart*, 135 S. Ct. at 553.)

24. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." (*Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006)

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

(internal citation omitted).)  But a defendant may remove a suit to federal court notwithstanding the failure of the Plaintiff to plead the required amount.  Absent the facial showing from the complaint, the court may consider facts averred in the removal petition.  (*Id.*)  Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  (*Ibarra*, 775 F.3d at 1195.)  At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

25. FCA disputes it is liable for any damages whatsoever to Plaintiff.  Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied.  *Id.*

26. In the case at bar, Plaintiff seek monetary relief.  This is a products liability case.  Plaintiff allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act; Plaintiff also allege a claim for fraudulent inducement-concealment with a prayer for punitive damages.   (*See* **Exh. A** to Clayton Decl., ¶¶124-165, and Prayer for Relief at p. 30:14-28.)

27. Plaintiff allege that on or about March 26, 2016, Plaintiff purchased a 2015 Jeep Grand Cherokee and that, subsequent to purchase, "the Vehicle contained developed defects…[that] substantially impair the use, value or safety of the Vehicle." (*See* **Exh. A** to Clayton Decl., ¶¶ 9-11.)

//

//

//

//

-5-

28. Plaintiff seeks monetary relief under the Song-Beverly Act including: reimbursement of the price paid for the vehicle, all incidental, consequential and general damages, costs and expenses, attorney's fees, and a civil penalty of up to two times the amount of actual damages. (*See* **Exh. A** to Clayton Decl., Prayer for Relief, p. 30:14-28.)

29. The amount in controversy calculation includes punitive damages. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).)

30. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. (*Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).)

31. The amount in controversy also includes reasonable estimates of attorney's fees. (*Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).)

32. The Song-Beverly Act allows for the recovery of attorney's fees. (*See* Clayton Decl., ¶ 71).

33. The total sale price of the vehicle was $51,681.24.. (*See* Clayton Decl., ¶ 19, **Exh. D**.)

34. Even before taking punitive damages and attorney's fees into account, if Plaintiff were to prevail on their Song-Beverly claims, he could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Plaintiff' actual damages of $51,681.24. (*i.e.,* purchase price of the Subject Vehicle) plus $103,362.48 as a double civil penalty pursuant to the Song-Beverly Act, totals $155,043.72. (*See* Clayton Decl., ¶¶ 19 and 20.)

35. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (*See* Clayton Decl., ¶ 20; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

//

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## IV.     DIVERSITY OF CITIZENSHIP EXISTS

36.     Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California.  (See **Exh. A** to Clayton Decl., ¶2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he resides in the absence of evidence to the contrary.)).

37.     FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

38.     FCA is a limited liability company and its sole member is FCA North America Holdings LLC, also a limited liability company, and the sole member of FCA North America Holdings LLC is Fiat Chrysler Automobiles N.V., a public company incorporated under the laws of the Netherlands and its principal place of business is London, United Kingdom. Recently, FCA consummated a merger with Peugeot S.A., and the entity was renamed "Stellantis N.V." on January 16, 2021. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands. (*See* **Exhs. X-AA** to Clayton Decl., ¶¶ 45-48; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ["the Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."]).

//

//

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

39. Because FCA is a limited liability company, and because its ultimate owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

40. Accordingly, complete diversity exists between Plaintiff and FCA.

41. Since the dismissal of Shaver on March 1, 2021, no other parties remain in this action.

## V.   COUNSEL'S PATTERN AND PRACTICE TO PREVENT REMOVAL BASED ON DIVERSITY

42. To the extent the Court seeks clarification on why FCA did not immediately remove this matter after being served with the Complaint, FCA sets forth the following facts establishing a pattern and practice of Plaintiff's Counsel, Strategic Legal Practices, to attempt to prevent removal by naming a dealership defendant in order to defeat diversity.

43. District courts in other circuits have examined what constitutes strategic gamesmanship to prevent a defendant's removal from state court. As a part of that inquiry, courts have considered the timing of naming and dismissing the non-diverse defendant, the explanation given for dismissal, and whether the plaintiff actively litigated the case in "any capacity" against a non-diverse defendant before dismissal. *See Heacock v. Rolling Frito-Lay Sales, LP*, 2016 WL 4009849, at *3 (W.D. Wash. 2016); *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1263 (D.N.M. 2014).

44. To determine whether the plaintiff "actively litigated" the case, Courts look to the following factors as " permissible purposes for naming and keeping a defendant in a case: (i) recovering damages from the defendant pursuant to a judgment; (ii) obtaining a judgment against the defendant, even if the plaintiff knows the defendant will be unable to satisfy the judgment; (iii) obtaining a settlement from the defendant, even if the plaintiff has already decided that it would not under any circumstances be economical to take the defendant to trial;

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-8-

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

(iv) leveraging the claims against the defendant to encourage the defendant to testify on the plaintiff's behalf against other defendants; or (v) obtaining discovery from the defendant by virtue of the increased scope of discovery available against parties relative to nonparties." *Aguayo*, 25 F.Supp.2d at 1262-1295.

45.     Initially, the Complaint's allegations regarding Shaver are non-specific and do not identify any specific "defect(s) in support of their breach of implied warranty of merchantability cause of action. (See **Exh. A** to Clayton Decl., ¶¶ 5, and 142-146.)

46.     Moreover, Plaintiff named Shaver as a defendant in the Complaint on July 28, 2020, and dismissed it only 7 months later, on March 1, 2021. Within the 7 months of litigation, Plaintiff did nothing to pursue his claim against Shaver. That is, Plaintiff did not conduct any written discovery related to Shaver, did not notice any depositions related to Shaver, and did not engage in any motion work related to Shaver. (*See* Clayton Decl., ¶¶ 24-25.)

47.     Quite simply, Plaintiff did not litigate his case against Shaver before voluntarily dismissing it.

48.     Moreover, FCA knew at the outset of the case that Plaintiff had no intention of prosecuting this claim against Shaver. (*See*  Clayton Decl., ¶ 50.) Indeed, FCA's counsel's experience in opposing automotive product liability cases has been that individual FCA dealerships have not been regularly sued. (*Id.*) Plaintiff's counsel's relatively recent practice of joining FCA-authorized dealership defendants has not resulted in additional recovery for a plaintiff beyond amounts paid by a manufacturer under the Song-Beverly Consumer Warranty Act. (*Id.*). Plaintiff's counsel routinely joins dealership defendants, only to ignore them in terms of all discovery efforts, motion practice, and settlement communications. (*Id.*)  For example:

a.     In Santa Clara County Superior Court Case No. 19CV358462, Strategic Legal Practices, the same Plaintiff's counsel in this matter, represented

-9-
DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

plaintiff Felipe Luna in suing FCA and dealership defendant Stevens Creek Chrysler Jeep Dodge in his complaint filed on October 6, 2020. *Luna* dismissed the dealership defendant from the action on January 25, 2021, 15 months after filing his complaint and at the same time his opposition to dealership defendant's Motion to Compel Arbitration became due. *Luna* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For 15 months after suing the dealership defendant, *Luna* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

b. In Orange County Superior Court Case No. 30-2019-01080096-CU-BC-CJC, Strategic Legal Practices represented plaintiff Andrew Leigh in suing FCA and dealership defendant Chrysler Jeep Dodge of Temecula in his initial complaint filed on June 28, 2019. *Leigh* dismissed the dealership defendant from the action on January 22, 2021, 19 months after filing his complaint and at the same time his opposition to dealership defendant's Motion to Compel Arbitration became due. *Leigh* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For 19 months after suing the dealership defendant, *Leigh* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

c. In Orange County Superior Court Case No. 30-2019-01092187-CU-BC-CJC, Strategic Legal Practices represented plaintiffs Eric Garant and Valerie Senior in suing FCA and dealership defendant Tuttle-Click Tustin, Inc. in their initial complaint filed on August 21, 2019. *Garant* dismissed the dealership defendant from the action on September 24, 2020, 13 months after filing his complaint and on the same day of dealership defendant's Motion to Compel Arbitration hearing. *Garant f*ailed to identify any fact, specific repair or occurrence related to dealership defendant's alleged negligent repair. For 13 months after suing the dealership defendant, *Garant* conducted no written discovery, did not

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

notice any depositions, nor engage in any motion work related to dealership defendant.

d.      In Ventura County Superior Court Case No. 56-2020-00543611-CU-BC-VTA, Strategic Legal Practices represented plaintiffs Esmarei Habibi and Shahnaz Mohammadi in suing FCA and dealership defendant WB Simi Valley CDJR, LLC in their initial complaint filed on July 24, 2020. *Habibi* dismissed the dealership defendant from the action on February 8, 2021, six months after filing their complaint and at the same time the opposition to dealership defendant's Motion to Compel Arbitration became due. *Habibi* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For at least six months, and counting, after suing the dealership defendant, *Habibi* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

e.      In Los Angeles County Superior Court Case No. 19STCV41479, Strategic Legal Practices represented plaintiff Raphael Aldo Mimoun in suing FCA and dealership defendant Russell Westbrook Chrysler Dodge Jeep Ram in his initial complaint filed on November 18, 2019. Plaintiff executed FCA's 998 Offer to Compromise on August 28, 2020, the day before its expiration and *after* an August 12, 2020 ruling that granted defendant dealership's Motion to Compel Arbitration. *Mimoun* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant.  For nine months after suing the dealership defendant, *Mimoun* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

f.      In Los Angeles County Superior Court Case No. 20STCV32807, Plaintiff's counsel here represented plaintiff Catherine Petersen in suing FCA and dealership defendant Shaver Automotive Group in her initial complaint filed on August 27, 2020. *Petersen* filed a Request for Dismissal as to

-11-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

dealership defendant on January 21, 2021, four days before dealership defendant's Motion to Compel Arbitration was scheduled to be heard. *Petersen* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For five months after suing the dealership defendant, *Petersen* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

g. In Los Angeles County Superior Court Case No. 20STCV26763, Plaintiff's counsel here represented plaintiffs Rachel Enney and Ronald Monk in suing FCA and dealership defendant Central Valley Chrysler Jeep Dodge Ram in their complaint filed on July 16, 2020. *Enney* filed a Request for Dismissal as to dealership defendant on January 7, 2021, days before plaintiff's Opposition to dealership defendant's Motion to Compel Arbitration was due. *Enney* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For six months after suing the dealership defendant, *Enney* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

h. In Los Angeles County Superior Court Case No. 19STCV28436, Plaintiff' counsel here represented plaintiff Annette Carrillo in suing FCA and dealership defendant Cerritos Dodge Chrysler Jeep in her complaint filed August 12, 2019. *Carrillo* dismissed dealership defendant from the action on January 12, 2021, 17 months after filing her complaint and a mere two days before dealership defendant's Motion to Compel Arbitration was scheduled to be heard. *Carrillo* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For 17 months after suing the dealership defendant, *Carrillo* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

i. In Los Angeles County Superior Court Case No. 20STCV26906, Plaintiff' counsel here represented plaintiff Mo Rahman in suing

DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL

FCA and dealership defendant Glenn E. Thomas Dodge Chrysler Jeep in their complaint filed July 17, 2020. *Rahman* filed a Request for Dismissal as to the dealership defendant from the action on February 24, 2021, approximately seven months after filing the complaint and at the same time plaintiff's opposition to dealership defendant's Motion to Compel Arbitration came due. *Rahman* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For approximately eight months after suing the dealership defendant, *Rahman* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant.

49.    In Los Angeles County Superior Court Case No. 20STCV21007, Plaintiff' counsel here represented Plaintiff Antonio and Josefina Castaneda in suing FCA and dealership defendant Bravo Chrysler Dodge Jeep Ram of Alhambra in their complaint filed on June 3, 2020. *Castaneda* filed a Request for Dismissal as to the dealership defendant from the action on January 29, 2021, approximately eight months after filing their complaint and at the same time their opposition to dealership defendant's Motion to Compel Arbitration became due. *Castaneda* failed to identify any fact, specific repair or occurrence related to the cause of action against dealership defendant. For approximately eight months after suing the dealership defendant, *Castaneda* conducted no written discovery, did not notice any depositions, nor engage in any motion work related to dealership defendant. (*Id.*)

50.    Here, Plaintiff did not pursue his claim against Shaver at all in the last 7 months, as he conducted no discovery against Shaver, directed no communication or motion practice at Shaver, and voluntarily dismissed Shaver after it filed a Motion to Compel Arbitration and related *ex parte*. This procedural history evinces Plaintiff's Counsel's pattern and practice to avoid removal.

## VI.    CONCLUSION

51    Consequently, the State Action may be removed to this Court by FCA

-13-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: March 31, 2021                    Respectfully submitted,

                                         */s/ Trina Clayton*
                                         Spencer P. Hugret, Esq.
                                         Katherine Vilchez, Esq.
                                         Trina Clayton, Esq.

                                         *Attorneys for Defendant*
                                         FCA US LLC

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-
DEFENDANT FCA US, LLC'S NOTICE OF REMOVAL